UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULICES RAMALES

                    Plaintiff,

    - against -

JELENA NOURA "GIGI" HADID

                  Defendant.

Docket No. 1:23-cv-07060-NRB

---

**PLAINTIFF'S  STATEMENT OF DAMAGES**
**IN SUPPORT OF HER MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**PURSUANT TO FED.R.CIV.P. 55(b)(2) and L.R. 55.2(b)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................................iv

PROPOSED FINDINGS OF FACT......................................................................................1

PROPOSED CONCLUSIONS OF LAW...............................................................................1

ARGUMENT......................................................................................................................4

POINT I:    PLAINTIFF MEETS ALL PROCEDURAL REQUIREMENTS FOR THE
            COURT'S ENTRY OF DEFAULT JUDGMENT.......................................................4

POINT II:    THE WELL-PLEADED ALLEGATIONS OF THE COMPLAINT ESTABLISH
             THE DEFENDANT'S VIOLATION OF PLAINTIFF'S COPYRIGHT.................5

   A.  PLAINTIFF OWNS A VALID COPYRIGHT.................................................................5

      (1)  Plaintiff's Photograph is Subject to Copyright Protection ...............................5

      (2)  Plaintiff's Photograph is Subject to a Valid Copyright Registration..............6

   B.  DEFENDANT COPIED PLAINTIFF'S REGISTERED WORK WITHOUT AUTHORIZATION..............7

      1.  Defendant's Copy is Virtually Identical to the Registered Work and is Therefore
          "Strikingly Similar" As a Matter of Law............................................................7

      2.  Defendant's Copying is Unauthorized and Therefore Improper.....................8

   C.  DEFENDANT HAS FAILED TO INTERPOSE A MERITORIOUS DEFENSE ...................9

POINT III:    FOR COUNT I, THE COURT SHOULD AWARD $30,000.00 IN STATUTORY
              DAMAGES ...........................................................................................................9

   A.  PLAINTIFF ELECTS STATUTORY DAMAGES UNDER THE COPYRIGHT ACT...........................10

   B.  STATUTORY DAMAGES MAY BE AWARDED WITHOUT ANY PROOF OF ACTUAL DAMAGES
       OR INFRINGER'S PROFITS .......................................................................................11

   C.  AS A MATTER OF LAW, THE COURT MAY DRAW AN INFERENCE OF WILLFULNESS FROM
       DEFENDANT'S FAILURE TO APPEAR AND DEFEND THE ACTION ...........................................14

   D.  AN AWARD OF $5,000.00 IS APPROPRIATE TO SERVE THE PURPOSES OF THE COPYRIGHT
       ACT'S STATUTORY DAMAGES PROVISION .......................................................................15

POINT IV:    THE COURT SHOULD AWARD $1140.00 IN ATTORNEYS' FEES, $440.00
                IN COSTS AND POST-JUDGMENT INTEREST....................................................19

    A.    THE COURT SHOULD AWARD $1140.00 IN ATTORNEYS' FEES ...........................................19

    B.    THE COURT SHOULD AWARD $440.00 IN COSTS ...............................................................20

    C.    THE COURT SHOULD AWARD POST-JUDGMENT INTEREST UNDER 28 U.S.C.A. § 1961......20

CONCLUSION ........................................................................................................................21

# TABLE OF AUTHORITIES

## CASES

*Agence France Presse v. Morel*,
  No. 10-CV-2730-AJN, 2014 WL 3963124, at *12 (S.D.N.Y. Aug. 13, 2014).........................14

*All–Star Mktg. Grp., LLC v. Media Brands Co.*,
  775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ...................................................................passim

*Anderson v. Primera Plana NY, Inc.*,
  No. 17-CV-7715 (JMF), 2019 WL 1966369, at *1 (S.D.N.Y. May 1, 2019 ...........................17

*Apple Computer, Inc. v. Franklin Computer Corp.*,
  714 F.2d 1240, 1255 (3d Cir. 1983) .......................................................................................15

*Au Bon Pain Corp. v. Artect, Inc.*,
  653 F.2d 61, 65 (2d Cir. 1981) .................................................................................................5

*Bari v. Ocean Gold Media, LLC*,
  18-cv-05992 (WFK-SJB) (E.D.N.Y. 2/25/20) .......................................................................17

*Bass v. Diversity Inc. Media*,
  No. 19-CV-2261 (AJN), 2020 WL 2765093, at *5 (S.D.N.Y. May 28, 2020) .......................18

*Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*,
  919 F.Supp. 656, 659 (S.D.N.Y.1996) ......................................................................................4

*Broadcast Music, Inc., v. R Bar of Manhattan, Inc.*,
  919 F.Supp. 656, 660 (S.D.N.Y. 1996) ...................................................................................11

*Bryant v. Media Rights Prods., Inc.*,
  603 F.3d 135, 144 (2d Cir. 2010) ..............................................................................................3

*Capital Records, Inc. v. MP3tunes, LLC*,
  48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) .................................................................................11

*Carmody v. DML News & Entertainment, Inc.*,
  18-cv-04893 (WFK-SJB) (E.D.N.Y.10/8/19) .........................................................................17

*Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*,
  150 F.3d 132, 137 (2d Cir. 1998) .....................................................................................2, 5, 9

*Chevrestt v. Craft Nation, Inc.*,
  17-cv-09232-JSR (S.D.N.Y. 1/8/18) .......................................................................................17

*Chloe v. Zarafshan,*
  06 Civ. 3140 (RJH) (MHD), 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009)..............2, 14

*CJ Products, LLC v. Your Store Online LLC,*
  No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012).......4, 12, 16

*Coated Fabrics Co. v. Mirle Corp.,*
  No. 06-cv-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008)................................................4

*Dermansky v. Tel. Media, LLC,*
  No. 19-CV-1149-PKC-PK, 2020 WL 1233943, at *1 (E.D.N.Y. Mar. 13, 2020)...................18

*Downs v. Yeshiva World News, LLC,*
  No. 18-CV-0250-LDH-JO, 2019 WL 1261406, at *3 (E.D.N.Y. Feb. 1, 2019).......................18

*Dweck v. Amadi,*
  10 Civ. 2577, 2012 WL 3020029 at *4 & n. 5 (S.D.N.Y. July 6, 2012)..................................20

*Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP,*
  No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018)................................16

*Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,*
  2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006).........................................................13, 20

*Ets–Hokin v. Skyy Spirits, Inc.,*
  225 F.3d 1068, 1074-76 (9th Cir. 2000)..................................................................................5

*F.W. Woolworth Co. v. Contemporary Arts,*
  344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952).........................................................13

*Fallaci v. New Gazette Literary Corp.,*
  568 F.Supp. 1172, 1173 (S.D.N.Y. 1983) ..............................................................................15

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
  499 U.S. 340, 361 (1991) ......................................................................................................2, 5

*Feltner v. Columbia Pictures Television, Inc.,*
  523 U.S. 340, 352 (1998) ........................................................................................................11

*Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.,*
  807 F.2d 1110, 1117 (2d Cir. 1986) .......................................................................................16

*Fonar Corp. v. Domenick,*
  105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997)...................................................7

*Gal v. Viacom Intern., Inc.*,
    518 F.Supp.2d 526, 537 (S.D.N.Y. 2007) ............................................................. 8

*Getaped.com, Inc. v. Cangemi*,
    188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) ............................................................ 16

*Gladys Music v. Bilbat Radio, Inc.*,
    No. 07–CV–6086, 2007 WL 3033960 at *1 (W.D.N.Y. Oct. 15, 2007) ................... 19

*Granada Sales Corp. v. Aumer*,
    No. 02 CIV. 6682 (HB) (RLE), 2003 WL 21383821, at *3 (S.D.N.Y. June 2, 2003) ............. 16

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
    973 F.2d 155, 158 (2d Cir.1992) ............................................................... 2, 5

*Hirsch v. The Dishh, LLC*,
    18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) ............................................................ 17

*Idir v. La Calle TV, LLC*,
    No. 19-CV-6251 (JGK), 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020). ................. 18, 20

*Idir v. La Calle TV, LLC*,
    No. 19-CV-6251 (JGK), 2020 WL 4016425, at *4 (S.D.N.Y. July 15, 2020) .................. 18

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
    413 F.3d 257 (2d Cir. 2005) .................................................................... 6

*J.C. Rice v. Sutton New Media LLC*,
    17-cv-8332 (WHP) (S.D.N.Y. 5/24/18) ............................................................ 17

*Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*,
    274 F. 932, 934 (S.D.N.Y. 1921) ............................................................... 6

*Kepner-Tregoe, Inc. v. Vroom*,
    186 F.3d 283, 289 (2d Cir.1999) ............................................................... 19

*Kisch v. Ammirati & Puris Inc.*,
    657 F.Supp. 380, 382 (S.D.N.Y. 1987) ........................................................... 6

*L.A. Printex Indus., Inc. v. Does 1-10*,
    543 Fed.Appx. 110, 111 (2d Cir. 2013) .......................................................... 18

*Lanzilote v. The Tempest Media, Inc.*,
    19-cv-00477 (JGK) (S.D.N.Y. 6/04/19) ........................................................... 17

*Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*,
    519 F.Supp. 730, 733 (S.D.N.Y.1981) ....................................................................11

*Lee v. White Cat Media*,
    17-cv-8122 (JSR) (S.D.N.Y. 12/13/17) .................................................................17

*Lowery v. Fire Talk LLC*,
    No. 19-CV-3737 (LDH) (RER) 2020 WL 5441785, at *3 (June 29, 2020), *report and recommendation adopted*, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020).............12

*Malletier v. Carducci Leather Fashions, Inc.*,
    648 F.Supp.2d 501, 504 (S.D.N.Y.2009) .............................................................15

*Mango v. Pacifica Found., Inc.*,
    No. 18-CV-6318, 2019 WL 569073, *1 (E.D.N.Y. Feb. 11, 2019) .........................18

*Mantel v. Smash.com Inc.*,
    No. 19-CV-6113-FPG, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) ..........18

*Marzullo v. Karmic Release Ltd.*,
    17-cv-7482 (KPF) (S.D.N.Y. 4/24/18) ..................................................................17

*Mason Tenders District Council Welfare Fund v. M & M Contracting & Consulting*,
    193 F.R.D. 112, 114–15 (S.D.N.Y. 2000) ..............................................................9

*Microsoft Corp. v. Atek 3000 Computer Inc.*,
    No. 06-cv-6403 (SLT) (SMG), 2008 WL 2884761, at *3 (E.D.N.Y. July 23, 2008) ..............11

*Microsoft Corp. v. Computer Care Ctr., Inc.*,
    No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *10 (E.D.N.Y. Sept. 10, 2008) ..............15

*Miller v. AllHipHop.com LLC*,
    16-cv-02744 (RA) (S.D.N.Y. 10/11/16) .................................................................17

*Mordant v. Citinsider LLC*,
    No. 18-CV-9054 (RA), 2019 WL 3288391, at *1 (S.D.N.Y. July 22, 2019)...........18

*Morris v. Guetta*,
    2013 WL 440127, *3 (CD. Cal. Feb. 4, 2013) .........................................................6

*Myeress v. Elite Travel Grp. USA*,
    No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018)...........18

*Myers v. COED Media Group, LLC*,
    18-cv-02180 (JSR) (S.D.N.Y. 5/2/18) ...................................................................17

*N.A.S Imp. Corp. v. Chenson Enterpr.,*
   968 F.2d 250, 252 (2d Cir. 1992) .........................................................................14

*OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.,*
   09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y.
   Dec. 6, 2010) .......................................................................................................20

*Pearson Education, Inc. v. Nugroho*,
   No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009)..............12, 19

*Peer Int'l Corp. v. Max Music & Entm't, Inc.,*
   No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004)..........passim

*Platypus Wear, Inc. v. Bad Boy Club, Inc.*,
   No. CUV, 08-02662NLHAMD, 2009 WL 2147843, at *7 (D.N.J. July 15, 2009) .................17

*Procter & Gamble Co. v. Colgate-Palmolive Co.*,
   199 F.3d 74, 77 (2d Cir. 1999) ..............................................................................7

*Prokos v. Grossman*,
   No. 19-CV- 4028 (BMC), 2020 WL 729761, at *2 (E.D.N.Y. Feb. 13, 2020) ..........................3

*Psihoyos v. John Wiley & Sons, Inc.*,
   No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d
   120, 127 (2d Cir. 2014) .........................................................................................13

*Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.,*
   No. 97 Civ. 9144(RO), 1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998).....................16

*Rodriguez v. Almighty Cleaning, Inc.,*
   784 F.Supp.2d 114, 123 (E.D.N.Y. 2011) ...............................................................9

*Rovio Entm't, Ltd. v. Allstar Vending, Inc.*,
   97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) .........................................................3, 14

*Sadowski v. Render Media Inc.*,
   No. 17-CV-9045-PGG-JLC, 2020 WL 1178629, at *2 (S.D.N.Y. Mar. 10, 2020) .................17

*Sadowski v. Roser Commc'ns Network, Inc.,*
   No. 6:19-CV-592, 2020 WL 360815, at *3 (N.D.N.Y. Jan. 22, 2020) ....................................18

*Scholz Design, Inc. v. Sard Custom Homes, LLC*,
   691 F.3d 182, 186 (2d Cir. 2012) .............................................................................6

*Seelie v. Original Media Grp. LLC*,
   No. 19-CV-5643 (BMC), 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020)..........................12

*Seelie v. Original Media Grp. LLC*,
    No. 19-CV-5643 (BMC), 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020) ........................18

*Starbucks Corp. v. Morgan*,
    99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) ................................................11

*Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*,
    954 F. Supp. 2d 145, 156 (E.D.N.Y. 2013) ................................................................................17

*Stevens v. Aeonian Press, Inc.*,
    No. 00 Civ. 6330(JSM), 2002 WL 31387224 at *1 (S.D.N.Y. Oct. 23, 2002) ..................11, 16

*Stokes v. Hombres Lounge, Inc.*,
    19-cv-3434 (LDH-CLP) (E.D.N.Y. 10/7/20) ............................................................................17

*Stridiron v. Cmty. Broadcasters, LLC*,
    No. 5:19-CV-108-MAD-ATB, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019) .............18

*Tu v. TAD System Technology, Inc.*,
    2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) .............................................................................4

*U.S. Media Corp., Inc. v. Edde Entertainment, Inc.*,
    No. 94-cv-4849 (MBM), 1996 WL 520901, * 3 (S.D.N.Y. Sept. 12, 1996).............................8

*U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.*,
    No. 04-CV-1233 (DLC), 2005 WL 1231645, at *7 (S.D.N.Y. May 25, 2005) ......................19

*UMG Recordings, Inc. v. MP3.Com, Inc.*,
    No. 00-cv-472 (JSR), 2000 WL 1262568 at *5-6 (S.D.N.Y. Sept. 6, 2000)...........................19

*United States v. Elcom Ltd.*,
    203 F. Supp. 2d 1111, 1132 (N.D. Cal. 2002)...........................................................................10

*Van Der Zee v. Greenidge*,
    2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ......................................................................13, 15

*Verch v. Handsome Service, Inc.*,
    19-cv-6162 (FB-PK) (E.D.N.Y. 5/18/20)..................................................................................17

*Walt Disney Co. v. Best*,
    No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) .......................16

*Whimsicality, Inc. v. Rubie's Costume Co. Inc.*,
    891 F.2d 452, 455 (2d Cir. 1989) .................................................................................................7

*Whitehead v. Mix Unit, LLC,*
 No. 17-CV-9476-VSB-JLC, 2019 WL 384446, at *1 (S.D.N.Y. Jan. 31, 2019), report and
 recommendation adopted, No. 17-CV-9476 (VSB), 2019 WL 1746007 (S.D.N.Y. Apr. 18,
 2019) .............................................................................................................................17

*Wilen v. Alternative Media Net, Inc.,*
 2004 WL 2823036, *2 (S.D.N.Y. Dec. 3, 2004) .......................................................13

*Wolman v. Hudson Valley News Network, LLC,*
 18-cv-11589 (JSR) (S.D.N.Y. 4/15/19) ......................................................................17

*Yurman Design, Inc. v. PAJ, Inc.,*
 262 F.3d 101, 112 (2d Cir. 2001) ...........................................................................14, 16

*Zlozower v. Rukkus, Inc.,*
 17-cv-09510 (RWS) (S.D.N.Y. 3/28/18).....................................................................17

## STATUTES

17 U.S.C. § 101 .......................................................................................................................1

17 U.S.C. § 102(a)(5) .............................................................................................................5

17 U.S.C. § 106 .......................................................................................................................9

17 U.S.C. § 106(1)-(3) ...........................................................................................................8

17 U.S.C. § 410(c) ..................................................................................................................6

17 U.S.C. § 504(a) ................................................................................................................10

17 U.S.C. § 504(c) ..................................................................................................................3

17 U.S.C. § 504(c)(1) .....................................................................................................3, 11, 16

17 U.S.C. § 504(c)(2) ...........................................................................................................12

17 U.S.C. § 505 .............................................................................................................19, 20

28 U.S.C. § 1920 ..................................................................................................................20

28 U.S.C. §§ 1331 ..................................................................................................................1

28 U.S.C.A. § 1961 ..............................................................................................................21

**RULES**

Fed.R.Civ.P. 55(b)...................................................................................................................4


**TREATISES**

4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.)..........12

1 Melvin B. Nimmer & David Nimmer,
   NIMMER ON COPYRIGHT § 2.08[E][1], at 2–130 (1999)..............................................................6

NIMMER ON COPYRIGHT §13.02[B] (2015)........................................................................................8

Ben Depoorter, *If You Build It, They Will Come*, 33 Berkeley Tech. L.J. 711, 712 (2018)..........10

Jessica Silbey et al., *Existential Copyright & Professional Photography*, 95 Notre Dame L. Rev.
   263, 267 (2019)..............................................................................................................................10

Plaintiff Ulices Ramales ("Plaintiff") respectfully submits her proposed findings of fact, proposed conclusions of law and inquest memorandum of law in further support of his motion for default judgment against defendant Jelena Noura "Gigi" Hadid ("Defendant").

## PROPOSED FINDINGS OF FACT

1.      Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of fashion model Bella Hadid (the "Photograph").  [Complaint ("Compl.") ¶ 18, Ex. 1 (Dkt. #1-1)]

2.      On or about October 16, 2020, Plaintiff first published the Photograph. [Compl. ¶ 14, Ex. 1]

3.      On or about October 16, 2020, Defendant re-published the Photograph on her Instagram account [Compl. ¶ 21]

4.      Defendant did not license the Photograph from Plaintiff, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on the Website. [Compl. ¶ 22]

5.      The Photograph was registered with the U.S. Copyright Office and was given registration number VA 2-236-334, with effective dated December 17, 2020 (the "334 Registration"). [Compl., Ex. C]

## PROPOSED CONCLUSIONS OF LAW

### Jurisdiction

1.      The Court has subject matter jurisdiction under the Copyright Act, 17 U.S.C. § 101 *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has personal jurisdiction over Defendant because Defendant transacts business in this District. [Compl. ¶¶ 6, 8]

**Liability for Copyright Infringement**

3.      When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992).

3.      Here, the Complaint sets forth factual allegations which, if taken as true, establish Defendant's violation of Plaintiff's copyright in the Photograph.  To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998).

4.      Plaintiff owns a valid copyright in and to the Photograph. [Compl. ¶¶ 14-15]

5.      Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  [Compl. ¶ 21, Ex. 2]

6.      Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph. [Compl. ¶ 22]

7.      The acts of Defendant constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

**Willfulness**

8.      Because Defendant defaulted, the acts of infringement by Defendant are deemed willful and in reckless disregard to Plaintiff's rights. *See Chloe v. Zarafshan*, No. 06-CV-3140 (RJH) (MHD), 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be

established by a party's default because an innocent party would presumably have made an effort to defend itself."); *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."); *All–Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ("Defendants have defaulted and by virtue of their default are deemed to be willful infringers").

**Statutory Damages**

9.    As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

10.    The Copyright Act provides for statutory damages as follows:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> 17 U.S.C. § 504(c)(1)

9.    Courts determining statutory damages pursuant to § 504(c) consider the following factors: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *See Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); *see also Prokos v. Grossman*, No. 19-CV- 4028 (BMC), 2020 WL 729761, at *2 (E.D.N.Y. Feb. 13, 2020) (quoting *Bryant*)

3

(same). "Plaintiff gets the benefit of the doubt in applying these factors because [Defendant]'s default makes it difficult for [it] to obtain discovery showing [Defendant]'s finances." *Prokos*, 2020 WL 729761, at *2.

10.    The Court does <u>not</u> need to assess Plaintiff's loss of revenues or Defendant's profits to calculate a statutory damages award.  *See Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ('the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").  Even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages.  *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012).


## ARGUMENT

### POINT I:    PLAINTIFF MEETS ALL PROCEDURAL REQUIREMENTS FOR THE COURT'S ENTRY OF DEFAULT JUDGMENT

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.,* No. 06-cv-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (*citing* Fed.R.Civ.P. 55(b)).  Further, a plaintiff asserting copyright infringement may be granted a default judgment where the defendant has failed to answer or to move against the complaint.  *See Broadcast Music, Inc. v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 659 (S.D.N.Y.1996).  As illustrated below, plaintiff has met the procedural and substantive requirements to warrant the Court's entry of default.

Rule 55(b)(2) of the Federal Rules, in tandem with the Eastern District of New York Local Rule 55.2(b) set forth certain procedural prerequisites that must be met before a default

judgment may be entered.  Here, the record shows that Plaintiff has met the procedural

requirements because he has submitted an attorney declaration with the required information, a

proposed default judgment, a memorandum of law (including a Statement of Damages), and

copies of the pleadings; a copy of the affidavit of service, and the Clerk's Certificate of Default.

**POINT II:    THE WELL-PLEADED ALLEGATIONS OF THE COMPLAINT
ESTABLISH THE DEFENDANT'S VIOLATION OF PLAINTIFF'S
COPYRIGHT**

When a default judgment is entered, the defendant's failure to respond constitutes an

admission of the well-pleaded factual allegations in the complaint, except as to claims relating to

damages." *Coated Fabrics Co.,* 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v.*

*E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *Au Bon Pain Corp. v. Artect, Inc.,* 653

F.2d 61, 65 (2d Cir. 1981)).

Here, the Complaint sets forth factual allegations which, if taken as true, establish

Defendant's violation of Plaintiff's copyright in the Photograph.  To establish a claim of

copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright;

and (2) unauthorized copying of the copyrighted work.  *Feist Publ'ns, Inc. v. Rural Tel. Serv.*

*Co.,* 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d

132, 137 (2d Cir. 1998).

**A.    PLAINTIFF OWNS A VALID COPYRIGHT**

**(1)    Plaintiff's Photograph is Subject to Copyright Protection**

"Protection under the copyright statute extends to pictorial works[.]" *Rogers v. Koons*,

960 F.2d 301, 306 (2d Cir. 1992) (*citing* 17 U.S.C. § 102(a)(5)).  "Even the slightest artistic

touch will meet the originality test for a photograph." *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d

1068, 1074-76 (9th Cir. 2000); *see also Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F.

932, 934 (S.D.N.Y. 1921) (Judge Learned Hand) ("no photograph, however simple, can be unaffected by the personal influence of the author."). "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Rogers*, 960 F.2d at 307 (citations omitted); *see also Kisch v. Ammirati & Puris Inc.*, 657 F.Supp. 380, 382 (S.D.N.Y. 1987) (originality expressed through "the photographer's selection of lighting, shading, positioning and timing.")

Here, Plaintiff alleges that he authored and owns the Photograph [Compl. at ¶ 14-15] The Photograph is protectable under the Copyright Act because Plaintiff exercised a personal choice in the selection of the subjects; choice of his own professional camera equipment; and determination of the precise time when the photograph was taken.[1]

**(2)    Plaintiff's Photograph is Subject to a Valid Copyright Registration**

Pursuant to 17 U.S.C. § 410(c), a certificate of registration from the U.S. Copyright Office, if timely obtained, "constitute[s] *prima facie* evidence of the validity of the copyright . . ." 17 U.S.C. § 410(c).  A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright and originality.  *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012).  To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work.  *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005).  Thus, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable."

---

[1] *See Morris v. Guetta*, 2013 WL 440127, *3 (CD. Cal. Feb. 4, 2013) ("almost any[ ] photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken") (*citing* 1 Melvin B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 2.08[E][1], at 2–130 (1999)).

*Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989).  A party's "proffer of its certificate of copyright registration thus shifts to [the opposing party] the burden of proving the invalidity of the copyright." *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997).

Here, Plaintiff is in possession of a registration from the U.S. Copyright Office, bearing registration number VA 2-236-334, with effective date of December 17, 2020 [Compl., ¶ 15, Freeman Declr. Ex. 4].  The 334 Registration was obtained within five years after first publication of the work, which took place on or about October 16, 2020 [Compl., ¶ 14; Freeman Declr., Ex. 4]  Accordingly, the 334 Registration serves as *prima facie* evidence of Plaintiff's valid copyright ownership and creates a rebuttable presumption that the work in question is copyrightable.  *Whimsicality, Inc.*, 891 F.2d at 455.  Defendant has not and cannot sustain its burden of showing that the 266 Registration is invalid.

**B.    DEFENDANT COPIED PLAINTIFF'S REGISTERED WORK WITHOUT AUTHORIZATION**

To satisfy the second element of an infringement claim, a plaintiff must show both that his work was "actually copied" and that the portion copied amounts to an "improper or unlawful appropriation." *Castle Rock,* 150 F.3d at 137 (citation and internal quotation marks omitted).

**1.    Defendant's Copy is Virtually Identical to the Registered Work and is Therefore "Strikingly Similar" As a Matter of Law**

Copying can be proven in several ways, including through indirect proof establishing that the defendant had "access to the copyrighted work and that the similarities between the works are probative of copying." *Procter & Gamble Co. v. Colgate-Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999).  However, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access." *Lipton*, 71 F.3d at 471 (granting summary judgment on infringement liability where works at issue were virtually

identical).  "Striking similarity exists when two works are so nearly alike that the only reasonable explanation for such a great degree of similarity is that the later was copied from the first." *Gal v. Viacom Intern., Inc.*, 518 F.Supp.2d 526, 537 (S.D.N.Y. 2007); *see also U.S. Media Corp., Inc. v. Edde Entertainment, Inc*., No. 94-cv-4849 (MBM), 1996 WL 520901, * 3 (S.D.N.Y. Sept. 12, 1996) (finding striking similarity where "there is no real question that the films owned by the plaintiff and those distributed by the defendants are essentially identical").  "The court's task is to apply logic and experience to determine if copying is the only realistic basis for the similarities at hand." *Id.*; *see also* NIMMER ON COPYRIGHT §13.02[B] (2015) ("At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created.")

Here, the Complaint alleges that Defendant actually copied the Photograph by reproducing and publicly displaying the Photograph on the Website.  [Compl. ¶¶ 21, Ex. 2].  Indeed, direct side-by-side comparisons between the original Photograph and the image used by Defendant on its website demonstrates that they are <u>virtually identical</u>. Defendant has merely reproduced a wholesale duplication of the Photograph.

## 2.    Defendant's Copying is Unauthorized and Therefore Improper

Section 106 of the Copyright Act gives the owner of a valid copyright the exclusive rights, *inter alia*, to "reproduce the copyrighted work in copies;" "to prepare derivative works based on the copyrighted work"; and to "distribute copies ... of the copyrighted work to the public by sale or . . . lease." 17 U.S.C. § 106(1)-(3).

According to the Complaint, Plaintiff never granted Defendant authorization to copy the Photograph [Compl. ¶ 22] and therefore violated his rights under 17 U.S.C. §§ 106 and 501.  Defendant's copying therefore amounted to "an improper and unlawful appropriation." *Castle*

*Rock,* 150 F.3d at 137.  Having adequately pled a valid copyright registration certificate and proof of unlawful copying, default judgment in favor of Plaintiff should be granted on the issue of Defendant's liability for copyright infringement.

**C.      DEFENDANT HAS FAILED TO INTERPOSE A MERITORIOUS DEFENSE**

In considering a motion for default judgment, the court considers "(1) 'whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'" *Rodriguez v. Almighty Cleaning, Inc.,* 784 F.Supp.2d 114, 123 (E.D.N.Y. 2011) (quotation and other citations omitted); *see also Mason Tenders District Council Welfare Fund v. M & M Contracting & Consulting,* 193 F.R.D. 112, 114–15 (S.D.N.Y. 2000) (citation omitted).

Here, the Court's granting of Plaintiff's motion for default judgment is warranted because (1) Defendant has not moved against the Complaint, has failed to answer and has otherwise failed to appear before this Court, indicating that defendant's default is willful; (2) Defendant has not asserted any defense to the copyright infringement claim and, in any event, does not have a cognizable defense; and (3) plaintiff would suffer a high level of prejudice if the Court were to deny his motion because the Copyright Act entitles him to recover statutory damages for Defendant's violation of his exclusive rights under 17 U.S.C. § 106, such that denial of this motion would cause deprivation of Plaintiff's statutorily protected rights and would frustrate the purpose of the Copyright Act.


**POINT III:      FOR COUNT I, THE COURT SHOULD AWARD $30,000.00 IN STATUTORY DAMAGES**

In the Digital Age, copyright infringement has reached epidemic proportions on-line.

*See, e.g., United States v. Elcom Ltd*., 203 F. Supp. 2d 1111, 1132 (N.D. Cal. 2002) ("piracy of intellectual property has reached epidemic proportions" in internet age); Jessica Silbey et al., *Existential Copyright & Professional Photography*, 95 Notre Dame L. Rev. 263, 267 (2019) ("The current, online environment makes infringements too numerous to fight exhaustively."); Ben Depoorter, *If You Build It, They Will Come*, 33 Berkeley Tech. L.J. 711, 712 (2018) ("Copyright has a small claims problem . . . .  The time, effort, and legal costs involved with litigation outweigh the resources available to many copyright holders; especially in light of the modest amounts at stake in most disputes.").

    As such, a defaulting defendant in an infringement action should not be accorded the proverbial "slap on the wrist," but should instead be held accountable to the maximum extent of federal law for the theft of intellectual property.  Consistent with judicial precedent in this Circuit, and to deter the epidemic of future infringement, the Court should award $5,000.00 in statutory damages on Count I for copyright infringement.

### A.    PLAINTIFF ELECTS STATUTORY DAMAGES UNDER THE COPYRIGHT ACT

    For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000.00 in statutory damages for willful copyright infringement. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication.  *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

    Here, the Photograph was initially published on October 16, 2020 [Compl., ¶ 14; Freeman Declr. Ex. 4] and the effective date of copyright registration is December 17, 2020

within the three-month grace period to qualify for statutory damages under 17 U.S.C. § 504(c)

plus attorneys' fees under 17 U.S.C. § 505.  [Compl., ¶ 15; Freeman Declr, Ex. 4]

### B.    STATUTORY DAMAGES MAY BE AWARDED WITHOUT <u>ANY</u> PROOF OF ACTUAL DAMAGES OR INFRINGER'S PROFITS

"A statutory damages award under the Copyright Act is by definition an authorized civil

penalty." *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014).

"[A]n award of statutory damages may serve purposes traditionally associated with legal

relief, such as compensation and punishment." *Feltner v. Columbia Pictures Television, Inc.*, 523

U.S. 340, 352 (1998); *see also Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp.

730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent

for would-be infringers").[2] "[S]tatutory damages are particularly appropriate where a defendant

has defaulted." *Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06-cv-6403 (SLT) (SMG),

2008 WL 2884761, at *3 (E.D.N.Y. July 23, 2008).

"At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess

statutory damages for each work for which the copyright has been infringed, in a 'sum of not less

than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without

requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a

result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996

(KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v.

Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages

---

[2] *See also Stevens v. Aeonian Press, Inc.*, No. 00 Civ. 6330(JSM), 2002 WL 31387224 at *1 (S.D.N.Y. Oct. 23, 2002) ("[S]tatutory damages are not meant to be merely compensatory or restitutionary . . . . The statutory award is also meant 'to discourage wrongful conduct."); *Broadcast Music, Inc., v. R Bar of Manhattan, Inc.*, 919 F.Supp. 656, 660 (S.D.N.Y. 1996) (in order "to put infringers 'on notice that it costs less to obey the copyright laws than to violate them,' . . . a statutory damage award should significantly exceed the amount of unpaid license fees.").

"'are available without proof of plaintiff's actual damages or proof of any damages.'"). Additionally, Section 504 authorizes the Court to increase the statutory damage award to any amount up to $150,000 for each work involved, if the infringement was committed willfully.  *See* 17 U.S.C. § 504(c)(2).

Here, Plaintiff elects to pursue statutory damages under the Copyright Act.  17 U.S.C. § 504(c).  Accordingly, the Court does <u>not</u> need to assess Plaintiff's loss of revenues or Defendant's profits to calculate an award.  *See Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

Indeed, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages.  *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available*.'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).[3]

---

[3] *But see, e.g., Seelie v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020) ("it is obviously incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking."); *Lowery v. Fire Talk LLC*, No. 19-CV-3737 (LDH) (RER) 2020 WL 5441785, at *3 (June 29, 2020), *report and recommendation adopted*, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020) ("plaintiff still has the ability—and the responsibility—to present some minimal amount of evidence in support of [its] damages request.").

Instead, the Court may rely solely on the Defendant's willfulness in determining the appropriate amount within the statutory range.  *See, e.g., Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Absent additional evidence of profits lost and repeated by the parties, this court must rely principally on defendants' willful conduct in determining damages."); *Wilen v. Alternative Media Net, Inc*., 2004 WL 2823036, *2 (S.D.N.Y. Dec. 3, 2004) ("Given the absence of evidence presented to the Court regarding the parties' profits and losses . . . I must rely principally on the fact that the defendants' actions were willful . . ."); *see also F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct].")

Here, this Court should reject the flawed notion that it is Plaintiff's "responsibility" to present evidence of actual damages (i.e., lost licensing fees) in order to calculate statutory damages on default. *See, e.g.*, *Seelie*, 2020 WL 136659 at *2; *Lowery*, 2020 WL 5441785, at *3. Under Second Circuit law, a statutory damages plaintiff has no obligation to show actual damages or losses.  *See Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120, 127 (2d Cir. 2014).

In *Psihoyos*, the Second Circuit affirmed awards of $100,000 and $30,0000, respectively, for two separate photographs based on a jury's finding of willful infringement, finding that "[a]lthough revenue lost is one factor to consider, we have not held that there must be a direct

correlation between statutory damages and actual damages. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context." *Psihoyos*, 748 F.3d at 127 (emphasis added); *see also Agence France Presse v. Morel*, No. 10-CV-2730-AJN, 2014 WL 3963124, at *12 (S.D.N.Y. Aug. 13, 2014) ("it is not true that there must be 'some correlation' between actual and statutory damages"); *Yurman Design*, 262 F.3d at 113 (upholding jury's statutory damages award that defendant argued bore "little relationship" to actual damages).

C.    AS A MATTER OF LAW, THE COURT MAY DRAW AN INFERENCE OF WILLFULNESS FROM DEFENDANT'S FAILURE TO APPEAR AND DEFEND THE ACTION

In connection with the determination of enhanced damages under § 504, the Second Circuit has defined "willfulness" as the defendant's actual or constructive knowledge that his actions constitute an infringement; thus, "reckless disregard of the copyright holder's rights . . . suffices to warrant award of the enhanced damages." *N.A.S Imp. Corp. v. Chenson Enterpr.,* 968 F.2d 250, 252 (2d Cir. 1992) (internal quotation marks and citation omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement. A plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement.") (internal quotation marks and citations omitted).

It is well-established in this Circuit that the Court may infer willfulness from a defendant's failure to answer or otherwise appear.  *See, e.g., Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."); *All–Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ("Defendants have defaulted and by virtue of their default are deemed to be willful infringers"); *Chloe v. Zarafshan,* 06 Civ. 3140, 2009 WL

2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself."); *Malletier v. Carducci Leather Fashions, Inc.,* 648 F.Supp.2d 501, 504 (S.D.N.Y.2009) ("Here, by virtue of its default, [defendant] has admitted [plaintiff]'s allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff]'s rights."); *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *10 (E.D.N.Y. Sept. 10, 2008) ("The Court may infer that defendants' infringement was willful from their failure to continue to defend this lawsuit."); *Van Der Zee,* 2006 WL 44020, at *3 ("[W]illful infringement may ... be inferred from [defendant's] failure to appear and defend the action."); *Peer Int'l Corp.,* 2004 WL 1542253, at *3 ("the entry of the default judgment alone supports the finding of willfulness."); *Fallaci v. New Gazette Literary Corp.,* 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983) (in a copyright case, the court "dr[e]w a further inference of willfulness from the defendant's failure to appear and defend th[e] action, especially in light of plaintiff's allegation of willfulness and demand for increased statutory damages applicable to willful infringers") (internal quotation marks and citation omitted).

Here, Defendant's utter disregard for this proceeding in its entirety warrant the Court's finding of willfulness.

D.    **AN AWARD OF $30,000.00 IS APPROPRIATE TO SERVE THE PURPOSES OF THE COPYRIGHT ACT'S STATUTORY DAMAGES PROVISION**

Copyright infringement cases brought by individual copyright holders do more than compensate victims. They secure intellectual property rights from widespread invasion by largescale corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts.  *See Apple Computer, Inc. v. Franklin Computer Corp*., 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus

preventing misappropriation of skills, creative energies, and resources invested in protected work); *see also Walt Disney Co. v. Best*,  No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements."); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ("The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not just to compensate the copyright owner, but to deter Kayne and others like them from committing copyright infringement."); 3 NIMMER § 14.06[A], at 14–80

Statutory damages under the Copyright Act "serve[ ] two purposes - compensatory and punitive." *Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.,* No. 97 Civ. 9144(RO), 1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998) (quoting *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1117 (2d Cir. 1986)) (internal quotation marks omitted).[4] Where a defendant has acted willfully, "a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." *CJ Prod. LLC*, 2012 WL 2856068, at *3; *accord Malletier,* 648 F.Supp.2d at 504.

---

[4] "The Court may award statutory damages in an amount within a permissive range that will further the Copyright Act's objectives of compensating copyright owners for past infringement and deterring future infringement." *Granada Sales Corp. v. Aumer*, No. 02 CIV. 6682 (HB) (RLE), 2003 WL 21383821, at *3 (S.D.N.Y. June 2, 2003) (citing *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224 at *1 (S.D.N.Y. Oct. 23, 2002). "[S]tatutory damages are not meant to be merely compensatory or restitutionary . . . . The statutory award is also meant 'to discourage wrongful conduct." *Yurman Design, Inc.,* 262 F.3d at 112 (quotation and other citation omitted). Moreover, the amount of statutory damages that the court awards should "further the Copyright Act's dual objectives of compensating copyright owners for past infringement and deterring future infringement." *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002).

Here, Plaintiff requests statutory damages of $30,000.00, which is consistent with judicial precedent.  In cases involving photographs where a plaintiff-photographer has elected not to provide evidence of lost licensing fees on default, district courts in this Circuit have awarded anywhere between $750.00 per photograph up to $30,000.00 per work.[5]

---

[5] **$30,000:** *Stokes v. Hombres Lounge, Inc.*, 19-cv-3434 (LDH-CLP) (E.D.N.Y. 10/7/20) (report and recommendation by Chief Magistrate Judge to award $30,000 per photograph with no proof of actual losses); *Verch v. Handsome Service, Inc.*, 19-cv-6162 (FB-PK) (E.D.N.Y. 5/18/20) (awarding $30,000 in statutory damages for single photograph without proof of lost licensing fee); *Bari v. Ocean Gold Media, LLC*, 18-cv-05992 (WFK-SJB) (E.D.N.Y. 2/25/20) (same); *Carmody v. DML News & Entertainment, Inc.*, 18-cv-04893 (WFK-SJB) (E.D.N.Y.10/8/19) (same); *Lanzilote v. The Tempest Media, Inc.*, 19-cv-00477 (JGK) (S.D.N.Y. 6/04/19) (same); *Anderson v. Primera Plana NY, Inc.,* No. 17-CV-7715 (JMF), 2019 WL 1966369, at *1 (S.D.N.Y. May 1, 2019) (same); *Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR) (S.D.N.Y. 4/15/19) (same); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) (same); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. 6/25/18) (same); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP) (S.D.N.Y. 5/24/18) (same); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR) (S.D.N.Y. 5/2/18) (same); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF) (S.D.N.Y. 4/24/18) (same); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS) (S.D.N.Y. 3/28/18) (same); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR (S.D.N.Y. 1/8/18) (same); *Lee v. White Cat Media*, 17-cv-8122 (JSR) (S.D.N.Y. 12/13/17) (same); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA) (S.D.N.Y. 10/11/16) (same).

**$25,000:** *Whitehead v. Mix Unit, LLC*, No. 17-CV-9476-VSB-JLC, 2019 WL 384446, at *1 (S.D.N.Y. Jan. 31, 2019), report and recommendation adopted, No. 17-CV-9476 (VSB), 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019) (awarding $25,00.00 in statutory damages for unauthorized use of a single design on T-shirts); *Sadowski v. Render Media Inc.*, No. 17CV9045PGGJLC, 2020 WL 1178629, at *2 (S.D.N.Y. Mar. 10, 2020) (awarding $25,00.00 in statutory damages for unauthorized use of a single photograph with no proof of actual loss).

**$20,000:** *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) (awarding $20,000 in statutory damages for unauthorized use of a single photograph with no proof of actual loss).

**$5,000**: *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020) (awarding $5,000 in statutory damages for unauthorized use of a single photograph with no proof of actual loss); *Bass v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093, at *5 (S.D.N.Y. May 28, 2020) (same); *Mango v. Pacifica Found., Inc.*, No. 18-CV-6318, 2019 WL 569073, *1 (E.D.N.Y. Feb. 11, 2019) (awarding $5,000 as "sufficient to compensate the plaintiff and to punish the defendant for its willful infringement" when the plaintiff "offered no evidence regarding actual damages or the market value of the copyrighted photographs.")

Courts in this Circuit consistently uphold substantial awards of statutory damages regardless of the actual harm suffered because statutory damages "are not meant to be merely compensatory or restitutionary," but instead serve to vindicate the statutory purpose by "discourag[ing] wrongful conduct." *Yurman Design*, 262 F.3d at 113; *accord L.A. Printex Indus., Inc. v. Does 1-10*, 543 Fed.Appx. 110, 111 (2d Cir. 2013) (affirming award of statutory damages that was "disproportionate" to actual damages because it did not "shock the conscience"); *UMG Recordings, Inc. v. MP3.Com, Inc.*, No. 00-cv-472 (JSR), 2000 WL 1262568 at *5-6 (S.D.N.Y. Sept. 6, 2000) (approving award of up to $118 million despite lack of evidence related to actual harm).

---

**$3,750:** *Sadowski v. Roser Commc'ns Network, Inc.*, No. 6:19-CV-592, 2020 WL 360815, at *3 (N.D.N.Y. Jan. 22, 2020)

**$2,500:** *Idir v. La Calle TV, LLC*, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *4 (S.D.N.Y. July 15, 2020) (awarding $2,500 for unauthorized use of a single photograph with no proof of actual loss); *Mantel v. Smash.com Inc.*, No. 19-CV-6113-FPG, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (same).

**$1,000:** *Dermansky v. Tel. Media, LLC*, No. 19CV1149PKCPK, 2020 WL 1233943, at *1 (E.D.N.Y. Mar. 13, 2020) (awarding $1000.00 in statutory damages for single photograph); *Mordant v. Citinsider LLC*, No. 18-CV-9054 (RA), 2019 WL 3288391, at *1 (S.D.N.Y. July 22, 2019) (same)

**$750:** *Downs v. Yeshiva World News, LLC*, No. 18CV0250LDHJO, 2019 WL 1261406, at *3 (E.D.N.Y. Feb. 1, 2019) (awarding $750 in statutory damages per work); *Stridiron v. Cmty. Broadcasters, LLC*, No. 5:19-CV-108-MAD-ATB, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019) (stating that "courts have found the statutory minimum of $750 to be a more appropriate award" for the infringement of a single photograph when a plaintiff does not provide any evidence supporting a higher amount).

**POINT IV:    THE COURT SHOULD AWARD $1140.00 IN ATTORNEYS' FEES, $440.00 IN COSTS AND POST-JUDGMENT INTEREST**

**A.    THE COURT SHOULD AWARD $1140.00 IN ATTORNEYS' FEES**

Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of willfulness. *See Kepner-Tregoe, Inc. v. Vroom,* 186 F.3d 283, 289 (2d Cir.1999); *see also U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.,* No. 04-CV-1233 (DLC), 2005 WL 1231645, at *7 (S.D.N.Y. May 25, 2005); *Peer Int'l Corp.,* 2004 WL 1542253, at *5.  Here, willfulness may be inferred from defendant's default.  *See Microsoft Corp.,* 2008 WL 4179653, at *13 (awarding attorneys' fees); *Entral Group Int'l, LLC,* 2006 WL 3694584, at *6 (same).

"Defendant's default ordinarily would weigh in favor of awarding attorneys' fees and costs under 17 U.S.C. § 505." *CJ Prod. LLC,* 2012 WL 2856068, at *3; see also *All–Star Mktg. Grp.,* 775 F.Supp.2d at 628 (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted); *Pearson Educ., Inc. v. Vergara,* 2010 WL 3744033 at *5 ("awarding costs and attorney's fees is warranted, in order to compensate the plaintiffs for the costs they incurred to retain counsel to initiate this litigation and secure judgment by default"); *Gladys Music v. Bilbat Radio, Inc.,* No. 07–CV–6086, 2007 WL 3033960 at *1 (W.D.N.Y. Oct. 15, 2007) (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted and the amount of attorneys' fees "due to Plaintiffs ... deriv[ed] from Defendants' repeated violations of copyright law.")

When determining the reasonableness of attorneys' fees, this Circuit uses the "lodestar method," which involves comparison of the rates charged by the prevailing party's counsel with the rates charged by attorneys of similar skill and experience practicing in the same locality.  *See, e.g. Dweck v. Amadi,* 10 Civ. 2577, 2012 WL 3020029 at *4 & n. 5 (S.D.N.Y. July 6, 2012)

(collecting cases approving $180 to $440 hourly rates for intellectual property associates), *report & rec. adopted,* 2012 WL 3024185 (S.D.N.Y. July 24, 2012); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.,* 09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y. Dec. 6, 2010) (approving $395 to $435 associate rates), *report & rec. adopted,* 2011 WL 43459 (S.D.N.Y. Jan.5, 2011).

Here, Plaintiff has adequately supported his claims for attorneys' fees by submitting an attorney declaration, contemporaneous time records, and a statement regarding each attorney's individual billing rate which at $600/hr. is consistent with the market rate for experienced attorneys in this field. *See, e.g., Pyatt v. Raymond*, 10 Civ. 8764, 2012 WL 1668248 at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving $400 to $650 hourly rates for partners in copyright and trademark cases); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc*., 09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y. Dec.6, 2010) (finding $657 per hour "is well within the range of rates for law firm partners in the New York City area with significant intellectual property law experience") [Freeman Decl. ¶ 16]

## B.   THE COURT SHOULD AWARD $440.00 IN COSTS

Pursuant to section 505 of the Copyright Act, Plaintiff can also recover her claimed costs for filing fees, service fees, and postage either as allowed costs under the general cost recovery statute, 28 U.S.C. § 1920, or under 17 U.S.C. § 505.

Here, Plaintiff has sufficiently documented his costs by submission of contemporaneous time records listing disbursements and expenditures. [Freeman Decl. ¶ 17]  Overall, the fees and costs sought are reasonable, and are recoverable under the applicable statutes.

## C.   THE COURT SHOULD AWARD POST-JUDGMENT INTEREST UNDER 28 U.S.C.A. § 1961

Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C.A. § 1961.  Accordingly, it is appropriate for the Court

to award post-judgment interest here.  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

## **CONCLUSION**

Based on the foregoing reasons, Plaintiff respectfully submits that the Court should enter a default judgment against Defendant for liability for copyright infringement; enter a judgment on statutory damages in the amount of $30,000.00 for Count I, plus $1140.00 in attorneys' fees and $440.00 in costs.

Respectfully Submitted,

SANDERS LAW GROUP

**s/jameshfreeman/**
James H. Freeman, Esq.
333 Earl Ovington Blvd., Ste. 402
Uniondale, NY 11553
(516) 203-7600
jfreeman@sanderslaw.group

*Counsel for Plaintiff*