UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULICES RAMALES

                         Plaintiff,

        - against -

JELENA NOURA "GIGI" HADID

                         Defendant.

Docket No. 1:23-cv-07060-NRB

---

## <u>DECLARATION OF JAMES H. FREEMAN</u>

I, JAMES H. FREEMAN, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1.      I am lead counsel for plaintiff Ulices Ramales ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2.      I submit this declaration in support of Plaintiff's application for entry of default judgment against Gigi Hadid ("Defendant") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

3.      Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of fashion model Bella Hadid (the "Photograph"). *See* Complaint, Ex. 1, Dkt. #1-1.

4.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

6.      The basis for entry of default is Defendant's failure to answer or otherwise appear to defend this action.

7.      On August 31, 2023, a copy of the summons and complaint was served on Defendant via "Alma H", person who was authorized to accept service on Defendant's behalf at Defendant's place of residence. [Affidavit of Service, Dkt. No. 8]  The deadline to file an answer or responsive pleading was September 21, 2023.

8.      On December 22, 2023, upon Plaintiff's request, the Clerk of Court issued a Certificate of Default. [Dkt. No. 13]

9.      Defendant is not a service member.

10.      There is no procedural history beyond the service of the summons and complaint.

11.      There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

12.      For violation of 17 U.S.C. § 501, Plaintiff seeks $10,000.00 in statutory damages for copyright infringement under 17 U.S.C. § 504(c). *See* Memorandum of Law filed concurrently herewith.

**<u>Attorneys' Fees and Costs</u>**

13.      Plaintiff seeks $1140.00 in attorneys' fees and $440.00 in costs under 17 U.S.C. § 505.

14.      I am a senior associate at Sanders Law Group, a New York-based law firm which specializes in copyright enforcement of photographs and videos. I graduated from the Benjamin N. Cardozo School of Law in 2000 and have over twenty years of substantial experience in the field of intellectual property law, including lead trial counsel experience. I have served as counsel of record on behalf of copyright holders in over 600 infringement actions.

16.    My current hourly rate is $600/hr., which is reasonable for a New York attorney with over twenty years of experience as an intellectual property attorney, including as lead trial counsel. *See, e.g., Pyatt v. Raymond*, 10 Civ. 8764, 2012 WL 1668248 at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving $400 to $650 hourly rates for partners in copyright and trademark cases); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc*., 09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y. Dec.6, 2010) (finding $657 per hour "is well within the range of rates for law firm partners in the New York City area with significant intellectual property law experience"); *GAKM Res. LLC v. Jaylyn Sales Inc*., 08 Civ. 6030 (GEL) (THK), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (adopting report and recommendation approving $650 and $600 hourly rates for partners specializing in intellectual property litigation); *BMI v. Pamdh*, 2014 WL 2781846, at *7 (approving hourly rates of $570 for partner with 15 years' experience in copyright law); *Entral Group Int'l. LLC v. Sun Sports Bar Inc.*, No. 05 Civ. 4836(CBA), 2007 WL 2891419, at *10 (E.D.N.Y. Sept.28, 2007) (approving hourly rate of $560.00 in copyright infringement action).

17.    Although I am not a partner at Sanders Law Group, I respectfully submit that my breadth and length of experience in the field warrants an hourly rate that is on par with a New York-based partner in the field of copyright law.

STATEMENT OF FEES

| Date | Description of Services | Time | Total |
|------|------------------------|------|-------|
| 8/10/23 | • Research and review complaint | 0.7 | $420.00 |
| 12/21/23 | • Draft application for entry of default | 0.1 | $60.00 |
| 8/22/24 | • Draft application for default judgment, including attorney declaration | 1.1 | $660.00 |
| **Total** | | 1.9 | **$1140.00** |

**COSTS**

| Date | Description | Total |
|------|-------------|-------|
| 8/10/23 | Court filing fee | $400.00 |
| 8/31/23 | Service Cost | $40.00 |
| **TOTAL** | - | **$440.00** |

17.     No part of the Judgment sought has been paid, other than as indicated in the present motion.

18.     Attached hereto as Exhibit 1 is a true and correct copy of the initiating complaint plus exhibits.

19.     Attached hereto as Exhibit 2 is a copy of the affidavit of service of the summons and complaint.

20.     Attached hereto as Exhibit 3 is the Certificate of Default from the Clerk of Court.

21.     Attached hereto as Exhibit D is a true and correct copy of Plaintiff's applicable copyright registration, which indicates a date of first publication of the Photograph as October 16, 2020.

Dated: August 23, 2024
        Uniondale, New York

Respectfully Submitted:

SANDERS LAW GROUP

**s/jameshfreeman/**
James H. Freeman, Esq.
333 Earle Ovington Blvd. Ste. 402
Uniondale, NY 11553
(516) 203-7600
jfreeman@sanderslaw.group

*Counsel for Plaintiff*