# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULICES RAMALES,<br><br>      Plaintiff,<br><br>  v.<br><br>JELENA NOURA "GIGI" HADID,<br><br>      Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

  Plaintiff Ulices Ramales ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Jelena Noura "Gigi" Hadid ("*Defendant*") states and alleges as follows:

## INTRODUCTION

  1. This action seeks to recover damages for copyright infringement.

  2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

  3. Defendant owns and operates a social media account with the name of "gigihadid" on Instagram (@gigihadid) (the "*Account*").

  4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

  5. Plaintiff Ulices Ramales is an individual who is a citizen of the State of New York and who resides in the Bronx, New York.

  6. Upon information and belief, Defendant is an individual who is a citizen of the State of New York who resides at 10 Bond Street, New York, NY 10012 and is liable and responsible to Plaintiff based on the facts herein alleged.

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because she is domiciled in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On or about October 16, 2020, Plaintiff published a photograph of Isabella Khairiah "Bella" Hadid wearing a tan overcoat with her upper torso partially exposed (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

15. On December 17, 2020, the Photograph was registered by the USCO under Registration No. VA 2-236-334.

16. Plaintiff published the Photograph with the intent to make it available for commercial licensing.

**Defendant's Infringing Conduct**

17. The Account is associated with Defendant.

18. Defendant has exclusive access to post content on her Instagram Account.

19. Defendant uses her Account to promote her personal brand as well as her business interests by which Defendant financially benefits.

20. On or about October 16, 2020, Plaintiff first observed the Photograph on the Account. A copy of the screengrab of Account including the Photograph is attached hereto as Exhibit 2.

21. A copy of the Photograph was displayed on Defendant's Instagram Account at www.instagram.com at URL: https://instagram.com/stories/gigihadid/2421570422951512212?utm_source=ig_story_item_share&igshid=65sczz165oe1.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Account.

23. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

25. The Infringement is an exact copy of the entirety and/or vast majority of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

26. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

27. Upon information and belief, the Photograph was willfully and volitionally posted

to the Account by Defendant.

28. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

29. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

30. Upon information and belief, Defendant monitors the content on its Account.

31. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

32. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in her own brand recognition and by extension, increased interest and/or public awareness of her own business ventures.

33. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

34. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

36. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

37. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

38. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

39. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

40. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

41. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

42. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringement on the Account.

43. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

45. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

46. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights

to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: August 10, 2023

        **SANDERS LAW GROUP**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: csanders@sanderslaw.group
        File No.: 124956

        *Attorneys for Plaintiff*

Case 1:23-cv-07065-NRB   Document 16-1   Filed 08/23/24   Page 8 of 9

**EXHIBIT 1:** PHOTOGRAPH #1



**EXHIBIT 2:** INFRINGEMENT #1
URL:
https://instagram.com/stories/gigihadid/2421570422951512212?utm_source=ig_story_item_share&igshid=65sczz165oe1

