UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ULICES RAMALES,

        Plaintiff,

    - against –

JELENA NOURA "GIGI" HADID,

        Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

23 Civ. 7060 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On August 10, 2023, plaintiff Ulices Ramales brought this action against defendant Jelena Noura "Gigi" Hadid, alleging that defendant violated the Copyright Act, 17 U.S.C. §§ 106 and 501, by publishing a photograph taken by plaintiff on her social media page without a license or plaintiff's consent. See ECF No. 1.

Defendant was served with a copy of the summons and complaint on August 31, 2023. See ECF No. 8. On December 22, 2023, after defendant failed to answer the complaint, the Clerk of Court entered a certificate of default. See ECF No. 13. Thereafter, on August 23, 2024, plaintiff moved for a default judgment. See ECF Nos. 14-17. In his motion, plaintiff claims $30,000 in statutory damages, $1,140 in attorneys' fees, and $440 in costs pursuant to the Copyright Act. See ECF No. 14. For the reasons set forth below, plaintiff's motion is granted for a default judgment award.

However, as will be explained, plaintiff is not entitled to all the relief sought.

## DISCUSSION

### I.   Default Judgment

Prior to entering a default judgment, the "district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'"  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (alterations in original) (quoting Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)).  When making this determination, all of plaintiff's factual allegations, except those relating to damages, must be accepted as true.  Garden City Boxing Club, Inc. v. Guzman, No. 03 Civ. 8776 (DC) (JCF), 2005 WL 1153728, at *2 (S.D.N.Y. Apr. 26, 2005).

To establish a claim of copyright infringement under the Copyright Act, a plaintiff must show both ownership of a valid copyright and unauthorized copying of the copyrighted work.  Feist Publ'ns, Inc. v. Rural Tel. Service Co., 499 U.S. 340, 361 (1991).  Plaintiff's complaint adequately establishes that he owns a valid copyright in the photograph at issue (the "Photograph"),[1] and that

---

[1] Plaintiff writes that the Photograph is protected under the Copyright Act because he took the photograph with his own professional camera equipment and used his judgment to "exercise[] a personal choice in the selection of the subjects" and "determine[] [] the precise time when the photograph was taken."

-2-

defendant infringed his exclusive rights in the Photograph under the Copyright Act,[2] see 17 U.S.C. §§ 106 and 501.  Accordingly, defendant's liability is established as a matter of law.

## II.  Damages

A default, however, "is not considered an admission of damages." Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  Rather, "[t]here must be an evidentiary basis for the damages sought by plaintiff[.]"  Id.

Here, plaintiff seeks $30,000 in statutory damages pursuant to 17 U.S.C. § 504(c).  A court may award a plaintiff statutory damages of "not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Awards of statutory damages are intended to "serve two purposes – compensatory and punitive."  Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc., 807 F.2d 1110, 1117 (2d Cir. 1986).  The statutory maximum is typically reserved for "truly egregious conduct[,] such as where

---

ECF No. 15 at 6.  Plaintiff also possesses a valid registration from the U.S. Copyright Office with an effective date of Dec. 17, 2020.  Id. at 7; see also ECF No. 1 ¶ 15.

[2] Plaintiff alleges that "[a] copy of the Photograph was displayed on [d]efendant's Instagram Account" on October 16, 2020, at https://instagram.com/stories/gigihadid/2421570422951512212?utm_source=ig_story_item_share&igshid=65sczz165oe1.  ECF No. 1 ¶¶ 20-21.

a defendant has been adjudged to have willfully infringed, yet continued the same pattern of behavior in contravention of court order." EMI April Music Inc. v. 4MM Games, LLC, Case No. 12 Civ. 2080 (DLC) (JLC), 2014 WL 325933, at *5 (S.D.N.Y. Jan. 13, 2014) (citation omitted), R&R adopted, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014).

"District courts enjoy wide discretion in setting statutory damages." Castillo v. G&M Realty L.P., 950 F.3d 155, 171 (2d Cir. 2020) (citation omitted). In the Second Circuit, courts are guided by several factors when determining the appropriate amount of statutory damages for copyright infringement, including: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Productions, Inc., 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted). While defendant's failure to appear or otherwise respond in this action makes it difficult to evaluate these factors in full, this Court will address each factor in turn.

-4-

With respect to the first <u>Bryant</u> factor, plaintiff has not sufficiently established that defendant willfully infringed upon his copyright.  Copyright infringement is "willful" if the plaintiff shows "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights."  <u>Island Software & Computer Services, Inc. v. Microsoft Corp.</u>, 413 F.3d 257, 263 (2d Cir. 2005) (citations omitted).  Defendant's willfulness "need not be proven directly but may be inferred from the defendant's conduct."  <u>N.A.S. Import, Corp. v. Chenson Enterprises, Inc.</u>, 968 F.2d 250, 252 (2d Cir. 1992).  While plaintiff asserts that this Court may infer willfulness solely from defendant's failure to answer or otherwise appear, ECF No. 15 at 14, we decline to do so.

In cases "where plaintiffs have received maximum or substantial statutory damages for violation of the Copyright Act, there is additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity; there is usually at least one cease-and-desist letter sent to the defendant, and, frequently requests for injunctive relief."  <u>Idir v. La Calle TV, LLC</u>, No. 19 Civ. 6251 (JGK), 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (citing <u>Dermansky v.</u>

Tel. Media, LLC, No. 19 Civ. 1149 (PKC), 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (collecting cases)).  Here, plaintiff has not provided any evidence that defendant was even aware that her actions resulted in infringing activity, or that defendant recklessly disregarded or was willfully blind to plaintiff's rights.  Accordingly, any evidence regarding defendant's state of mind is established only through the defendant's default.  While this supports the award of some statutory damages, it does not support an award of the full amount requested by plaintiff.

With respect to the second, fifth, and sixth Bryant factors, plaintiff does not allege that defendant displayed the Photograph for any commercial use or earned any profits from posting the Photograph on her personal social media page.

Next, we turn to the third Bryant factor.  To the extent possible given the ranges set forth in 17 U.S.C. § 504(c), an award of "statutory damages should bear some relation to actual damages suffered."  RSO Records, Inc. v. Peri, 596 F. Supp. 849, 862 (S.D.N.Y. 1984).  It is common for courts to tether their assessment of statutory damages to the copyright owner's loss of the fair market value of his licensing fees.  See On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001); Broadcast Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016)

("Second Circuit case law . . . reflects that courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid.")  Where, as here, plaintiff has made the choice not to disclose evidence regarding lost licensing fees or revenue, plaintiff provides "no evidence of any actual harm" resulting from the infringement. <u>Dermansky</u>, 2020 WL 1233943, at *6.  Accordingly, the Court will not base its award of statutory damages on plaintiff's lost licensing fees.

Finally, we turn to the fourth <u>Bryant</u> factor.  The Court may award statutory damages in an amount that will "further the Copyright Act's dual objectives of compensating copyright owners for past infringement and deterring future infringement." <u>Getaped.com, Inc. v. Cangemi</u>, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002).  The Court agrees that an award of damages in this action should serve to discourage future wrongful conduct.

Accordingly, we award plaintiff statutory damages under the Copyright Act in the amount of $3,000.  This amount seeks to deter future conduct in violation of the Act, while recognizing that a higher amount is not warranted where there is no evidence of actual losses or additional evidence of willfulness on the part of the defendant.  <u>See</u> <u>Idir</u>, 2020 WL 4016425, at *4 (awarding $2,500 for

unauthorized use of a single photograph with no proof of actual loss).

### III. Attorneys' Fees and Costs

Plaintiff also asks the Court to exercise its discretion under 17 U.S.C. § 505 to award reasonable attorneys' fees and costs to the prevailing party in a copyright infringement action, seeking $1,140 in attorneys' fees and $440 in costs. ECF No. 15 at 19-21. While "[t]here is no precise rule or formula" for determining whether a request for attorneys' fees is reasonable, Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994), the amounts requested by plaintiff are commensurate with the individual billing rate stated in the declaration submitted by plaintiff's attorney, ECF No. 16 ¶ 16, and the amount of work conducted in this case. Additionally, plaintiff's attorney has sufficiently documented plaintiff's claimed costs by including in this declaration a description of his expenses. See ECF No. 16 ¶ 17. We therefore award plaintiff an additional $1,140.00 in attorneys' fees and $440.00 in costs pursuant to 17 U.S.C. § 505, as well as post-judgment interest.

### CONCLUSION

For the foregoing reasons, we grant plaintiff's motion for default judgment and award damages for violation of the Copyright Act in the principal amount of $3,000, plus post-judgment interest

to be calculated from the date of entry of this judgment by the Clerk of Court at the rate set forth in 28 U.S.C. § 1961. The plaintiff is further granted $1,580 in reasonable attorneys' fees and costs. The Clerk of the Court is respectfully directed to enter final judgment in favor of the plaintiff in accordance with the terms of this Memorandum and Order and to terminate the motion pending at ECF No. 14.

**SO ORDERED.**

Dated:    October 21, 2024
          New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE